## Webber v. Stewart.

### (Decided June 16, 1925.)

### Appeal from Shelby Circuit Court.

1. Descent and Distribution—Evidence Held to Sustain Finding of Claimant's Right to Inherit as Illegitimate Son of Deceased's Daughter.—Evidence held sufficient to sustain finding of claimant's right to inherit as illegitimate son of deceased's daughter.
2. Evidence—Evidence as to Declarations by One Since Deceased. Held Properly Excluded.—Where plaintiff, claiming to be heir of deceased, alleged that he was illegitimate son of a deceased daughter, had been reared by his aunt, who was dead at time of trial, it was not error to exclude testimony of adverse claimant as to statements made by aunt who had reared plaintiff.

BECKHAM, GILBERT & MATTHEWS for appellant.

WILLIS & WILLIS, TODD & BEARD and PICKETT, BARRICKMAN & KALTENBACHER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Martha J. Stewart died a resident of Shelby county in September, 1922, the owner of an estate valued about

$3,000.00. She had no children; her husband had died some years before and this is a controversy as to who are her heirs. The facts are these:

In 1876 Mrs. Mary Taylor lived in Shelby county. She was the mother of Martha J. Stewart, who was then the wife of William H. Stewart. She had several other daughters, all unmarried, one of whom was named Mary. The family moved to Louisville in June, 1876. They remained in Louisville until the fall of 1877, when they returned to Shelby county, but in the meantime Mary had died in Louisville. Mrs. Stewart brought back with her a little boy whom she reared and named W. J. Stewart. He was never formally adopted but lived with Mrs. Stewart and her husband and was treated as a son. All of the other daughters of Mrs. Taylor died unmarried or without children except Susan, who married J. W. Land and was the mother of Lulie Webber, who was her only child. After Mrs. Stewart's death Mrs. Webber and W. J. Stewart each claimed as her heir. W. J. Stewart claimed that he was the son of the daughter, Mary Taylor, born out of wedlock and as the only child of his mother entitled to one-half of the estate. This claim was resisted by Mrs. Webber; the case was submitted to the jury with proper instructions. The jury found for W. J. Stewart. Mrs. Webber appeals.

It is insisted that the verdict of the jury is not sustained by sufficient evidence, but clearly it cannot be said to be palpably against the evidence. The evidence for W. J. Stewart shows these facts:

Mary Taylor showed signs of becoming a mother and the family for this reason moved to Louisville. A separation took place between William H. Stewart and his wife because he was regarded as the cause of the trouble. After the child was born and Mary died Mrs. Stewart and her husband settled their differences by taking the little boy to rear. She and her husband, according to the proof for the plaintiff, acknowledged this from time to time. The child was strikingly like William H. Stewart. He grew up a good boy; he filled a son's part in the family and after W. H. Stewart's death filled a son's part in taking care of his foster mother. He married when he was about twenty-one. He and his wife and children lived near her and administered to her every want.

On the other hand the proof for Mrs. Webber is to the effect that Mary, when the family went to Louisville, had consumption and was very thin; that she died of

consumption and that the little boy was the son of Sophie Wheeler and was obtained by the Stewarts while in Louisville from an orphanage and that the real mother on two occasions came up to Shelby county to see him.

As is usual in such cases when so great a length of time has elapsed, the evidence is conflicting, but the facts and circumstances proved tend to sustain the verdict of the jury and it cannot be disturbed on the facts.

There is no complaint of the instructions. The only complaint as to the evidence is that Lulie Webber was not permitted to testify as to declarations made to her by Mrs. Stewart. But as Mrs. Stewart is dead she could not testify for herself as to a transaction with the deceased. Combs v. Roark 206 Ky 454. In fact there was such clear proof as to declarations of Mrs. Stewart by many disinterested witnesses that if this evidence had been admitted it could have had little effect upon the result of the case.

Judgment affirmed.